IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES LOVETT, | § | |
| | § | No. 380, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24C-05-155 |
| BAYSHORE FORD TRUCK | § | |
| SALES, INC., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted:  March 27, 2026
Decided:    June 18, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    Charles Lovett appeals the Superior Court's September 3, 2025 order granting the appellee's motion for summary judgment. For the following reasons, we affirm the Superior Court's judgment.

(2)    Lovett, as the owner/operator of C&R Transport Services LLC ("C&R"), purchased a 2014 International 4300 4x2 Van Truck (the "Truck") for $47,252.50 from Ritchie Bros. Auctioneers ("Ritchie Bros.") at an auction held on May 17, 2022. The terms of sale expressly stated that any item purchased at the

auction was sold "as is," without any warranty, either express or implied. After the Truck was delivered to Lovett, he discovered that it "had numerous defects and mechanical issues that rendered it inoperable and unsuitable for its intended commercial use."[1] Lovett, proceeding *pro se*, filed a civil complaint in the Superior Court against the previous owner of the Truck, Bayshore Ford Truck Sales, Inc. ("Bayshore"). Lovett's complaint advanced six causes of action: (i) fraudulent misrepresentation, (ii) breach of contract, (iii) breach of express warranty, (iv) breach of the implied warranty of merchantability, (v) negligent misrepresentation, and (vi) unjust enrichment. For each count, Lovett cited and relied on the existence of a purported affidavit executed by a Bayshore representative that asserted that the Truck was "suitable for sale and use in a commercial trucking operation" (the "Alleged Affidavit").[2]

(3)     Bayshore moved for judgment on the pleadings, arguing that Lovett lacked standing to file his complaint on behalf of C&R, the actual party to the sales agreement and an artificial entity. Following oral argument, the Superior Court gave Lovett thirty days to file an amended complaint and address the issue of standing. Lovett filed an amended complaint in his individual capacity, alleging that he had relied on the Alleged Affidavit when he personally guaranteed the loan that C&R

---

[1] App. to Opening Br. at 34 (Complaint filed May 20, 2024).
[2] *Id.* at 31 (same).

2

secured to purchase the Truck. Lovett's amended complaint advanced five causes of action: (i) negligent misrepresentation; (ii) breach of express warranty; (iii) breach of the implied warranty of merchantability; (iv) unjust enrichment; and (v) consumer fraud, in violation of 6 *Del. C.* § 2513.

(4) Bayshore moved to dismiss Lovett's amended complaint, arguing that Lovett's attempt to establish that he had standing to bring claims related to the Truck's sale failed as a matter of law. Following a hearing, the Superior Court gave Lovett additional time to submit evidence of his role as the personal guarantor of C&R's loan. The court also asked the parties to submit their positions on whether it should consider evidence outside of the pleadings and convert Bayshore's motion to dismiss to a motion for summary judgment. Thereafter, Lovett submitted proof that he had personally guaranteed C&R's loan. He also affirmatively agreed that the case was "ripe for summary judgment [because] [t]he material facts central to [his] claims are not genuinely in dispute and are supported by documentary evidence already before the [Superior] Court."[3] Bayshore likewise agreed that the Superior Court should consider documents outside of the parties' initial filings and asked the court to take note of the "as is" terms of sale as well as the absence of the Alleged Affidavit in the record.[4]

---

[3] *Id.* at 89 (Lovett's letter dated June 23, 2025).
[4] *Id.* at 97-98 (Bayshore's letter dated July 3, 2025).

(5)     On September 3, 2025, the Superior Court granted Bayshore's motion for summary judgment, finding that Lovett lacked standing to bring claims stemming from Ritchie Bros.'s sale of the Truck to C&R.[5] Lovett appeals.

(6)     Lovett's arguments on appeal may be fairly summarized as follows: (i) fraud does not require privity of contract, (ii) Delaware public policy prohibits "as is" disclaimer from shielding a defendant from its use of intentional lies to induce a plaintiff to act, and (iii) Lovett had fairly established that he had standing to sue Bayshore.

(7)     We review the Superior Court's decision on a motion for summary judgment *de novo*, applying the same standard as the trial court.[6] That is, we must determine "whether the record shows that there is no genuine material issue of fact and the moving party is entitled to judgment as a matter of law."[7] Here, the parties agreed that there are no genuine material issues of fact left to be decided, and it is clear that Boulevard is entitled to judgment as a matter of law.

(8)     Lovett's initial complaint was filed by him on behalf of C&R, and Bayshore justifiably moved for judgment on the pleadings based on Lovett's inability to proceed in his individual capacity because C&R, an artificial entity, was

---

[5] *Lovett v. Bayshore Ford Truck Sales, Inc.*, 2025 WL 2531036, at *5 (Del. Super. Ct. Sept. 3, 2025).

[6] *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009).

[7] *Id.* (internal quotation marks and citation omitted).

4

the real party in interest. In so moving—and again when it moved to dismiss Lovett's amended complaint—Bayshore accepted as true Lovett's claim that the Alleged Affidavit existed. But Bayshore also sharply disputed the affidavit's existence and argued that the "as is" language governing the Truck's sale at auction precluded recovery.[8]

(9) We agree that the "as is" language governing the Truck's sale trumps any prior representations of the Truck's operability. But there is also no evidence that the Alleged Affidavit exists. In his letter endorsing the court's intent to treat Bayshore's motion to dismiss as a motion for summary judgment, Lovett asserted that "documentary evidence already before the [Superior] Court" supported his allegations. In response, Bayshore noted that Lovett had not produced the Alleged Affidavit. Lovett objected, stating "the exhibits include a sworn affidavit from the

---

[8] Ritchie Bros. IronPlanet's advertisement for the Truck provided, "NOTE: This item is offered as is, where is with no IronClad Assurance, and a buyer may not dispute the condition of the item. IronPlanet claims no responsibility for the condition or description of this item. This item does not include any protection offered by IronClad Assurance. A buyer may NOT submit a dispute claim on this item." App. to Opening Br. at 141. Similarly, Ritchie Bros.'s terms of sale provided:

> There shall be no guarantees or warranties, expressed or implied, statutory or otherwise of any nature whatsoever in respect of the lots offered at the auction. Each and every lot will be sold 'as is, where is.' Specifically, but without limitation, we make no representation or warranty that any of the lots… b) are fit for any particular purpose, or c) are merchantable or financeable…. You agree that you have satisfied yourself and are not relying on us, nor are we liable, for any matter in respect of the above. You further agree to repair, at your cost, any lot purchased at the auction to a safe operable condition….

*Id.* at 94-95 (Bayshore's letter dated July 3, 2025).

[Truck's] manufacturer service center mechanic, confirming that [Bayshore was] aware the [Truck] had serious drivability issues prior to auction…."[9] This statement is at least arguably true: the affiant there, an employee of Southwest International Trucks, Inc. ("Southwest"), averred that in April 2022, a Bayshore representative advised him that Bayshore did not want to make all the repairs that Southwest recommended be made to the Truck, and that Bayshore "only wanted to do the repairs needed to meet the requirements for the Truck to go to auction…."[10] But that affidavit: (i) was not executed by a representative of Bayshore; (ii) was executed on May 13, 2024, almost two years after C&R's purchase of the Truck; and (iii) does not represented that the Truck was "suitable for sale and use in a commercial trucking operation" at the time of the auction. In short, it is not the Alleged Affidavit.

(10)  Thus—even assuming, *arguendo*, that Lovett had standing to bring claims related to the sale of the Truck to C&R *and* that the "as is" and warranty disclaimer language used in connection with the Truck's sale did not supersede any prior representation of the Truck's condition—Lovett is simply unable to show that Bayshore made any pre-sale representations regarding the condition of the Truck or, it follows, that he relied on those representations when he personally guaranteed C&R's loan. We therefore affirm the Superior Court's judgment on the independent

---

[9] *Id.* at 98 (Lovett's letter dated July 5, 2025).
[10] *Id.* at 215-16 (affidavit of Orlando Perea).

and alternative basis that Bayshore is entitled to judgment as a matter of law because any injury suffered by Lovett cannot be attributed to any action on Bayshore's part.[11]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[11] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

7